**Commonwealth v. Stern**

M.C. Philadelphia County, nos. 94-07-1872, 94-07-1851 and 94-07-1850.

*Joel Stomsky,* for defendant David J. Stern.
*Samuel Stretton,* for defendant Thomas Purl.
*Stephen B. Jarret,* for defendant Richard Bagenstos.

LILIAN, *J.,* February 15, 1995—Defendants, David J. Stern, Thomas Purl and Richard Bagenstos under Municipal Court numbers 94-07-1872, 94-07-1851 and 94-07-1850 respectively, are each charged with one count of violating 18 Pa.C.S. §4117(b)(1). In addition, Purl and Bagenstos are each charged with one count of violating 18 Pa.C.S. §903. Defendants allege inter alia, that section 4117(b)(1) violates both the United States and Pennsylvania Constitutions and thus, is unconstitutional. The attorney general, on behalf of the Commonwealth of Pennsylvania, denies defendants' contentions on the basis they are conclusions of law. Due to the allegations of defendants and the lack of appellate case law concerning this statute, this court requested legal briefs to be submitted. On November 22, 1994, a record hearing was held for oral argument on the constitutionality of 18 Pa.C.S. §4117(b)(1). Because of the complexity and importance of this matter, this court took the case under advisement for consideration of the constitutional issues.

Section 4117, originally entitled "Motor Vehicle Insurance Fraud" but now retitled more generally as "Insurance Fraud," was enacted by the Pennsylvania Legislature in 1990.

18 Pa.C.S. §4117(b), (d) states:

"(b) Additional offenses defined.—

"(1) A lawyer may not compensate or give anything of value to a non-lawyer to recommend or secure em-

ployment by a client or as a reward for having made a recommendation resulting in employment by a client; except that the lawyer may pay:

"(i) the reasonable cost of advertising or written communication as permitted by the Rules of Professional Conduct; or

"(ii) the usual charges of a not-for-profit lawyer referral service or other legal service organization.

"Upon a conviction of an offense provided for by this paragraph, the prosecutor shall certify such conviction to the Disciplinary Board of the Supreme Court for appropriate action. Such actions may include a suspension or disbarment.

"(d) Grading.—

"An offense under subsection (b) is a misdemeanor of the first degree."

Each of defendants' contentions, as set forth in their briefs and at oral argument, will be addressed. The defendants first allege that since the language of 18 Pa.C.S. §4117(b)(1) lacks a mens rea and intent is necessary for criminal conduct, the charges must be dismissed.

We agree that section 4117(b)(1) omits specific language of a mens rea; however, we rely on 18 Pa.C.S. §302 in finding that a mens rea exists if an individual acts intentionally, knowingly or recklessly with respect to each material element of the offense. Until stipulations are agreed to between the parties, testimony is presented at trial or evidence is admitted, this court is unable to rule on whether a defendant met the required mens rea of a particular crime. Therefore, we hold this matter sub judice.

Defendants next contend that 18 Pa.C.S. §4117(b)(1) violates the First and Fourteenth Amendments of the

United States Constitution and Article I, Sections 7 and 20 of the Pennsylvania Constitution. Since the defendants fail to present any supporting arguments regarding Article I, Sections 7 and 20, we deem this issue waived. Regarding the first contention, the First Amendment of the United States Constitution, applicable to the Commonwealth of Pennsylvania through the Fourteenth Amendment, forbids congress from making any laws abridging the freedom of speech. In the instant case, section 4117(b)(1) does not abridge the right to free speech and thus, is not violative of the First Amendment. However, it does place a restriction on conduct of attorneys in seeking employment by a client. The defendants cite to *Ohralik v. Ohio State Bar Association,* 436 U.S. 447, 98 S.Ct. 1912 (1978) and a case decided the same day, *In re Primus,* 436 U.S. 412, 98 S.Ct. 1893 (1978). In *Ohralik,* the Supreme Court was concerned with First Amendment issues of free speech in whether a state may forbid a lawyer's in-person solicitation for pecuniary gain. In *Primus,* there was no in-person solicitation for pecuniary gain but an offer of free assistance by an American Civil Liberties Union attorney. In addition, defendants rely on *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York,* 447 U.S. 557, 100 S.Ct. 2343 (1980) to argue that 18 Pa.C.S. §4117(b)(1) is too broadly drawn for purposes of the First Amendment. The issue in *Central Hudson Gas* was whether a state regulation that completely banned promotional advertising by a utility was constitutional. The court held the regulation was more extensive than necessary to serve the state interest and thus, unconstitutional. Also, *Ohralik, Primus* and *Central Hudson Gas* are not applicable because they are not concerned with the issue of compensation to third parties for referring

clients. 18 Pa.C.S. §4117(b)(1) prohibits a lawyer from compensating a non-lawyer third party in an effort to secure employment by a client, but does not prohibit the act of soliciting a client for employment purposes. Assuming an attorney acts in compliance with the Rules of Professional Conduct, there is no prohibition that prevents a lawyer from soliciting clients through third parties; only that a lawyer shall not compensate or give anything of value to non-lawyer third parties.

The defendants contend finally that section 4117(b)(1) violates Article V, Section 10(c) of the Pennsylvania Constitution in that the Supreme Court of Pennsylvania, not the legislature, possesses sole authority to regulate the conduct of attorneys. Article V, Section 10(c) of the Pennsylvania Constitution provides:

"Section 10. Judicial Administration

"(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, Justices of the Peace and all officers serving process or enforcing orders, judgments or decrees of any court or Justice of the Peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with the Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or Justice of the Peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with the rules prescribed under these provisions."

Article V, Section 10(c) of the Pennsylvania Constitution is the foundation for the Supreme Court's equally divided affirmance in *Lloyd v. Fishinger, supra.* In *Lloyd,* the Supreme Court on constitutional grounds, overturned 42 Pa.C.S. §7101(a)(3). This civil statute regulated the conduct of attorneys by regulating the time within which an attorney could enter into a contingency fee agreement with a hospitalized client. The court citing *In re 42 Pa.C.S. §1703,* 482 Pa. 522, 534, 394 A.2d 444, 451 (1978) stated, "[t]he Pennsylvania Constitution grants the judiciary—and the judiciary alone—power over rule-making." In *Lloyd,* the court held, "[a]s 42 Pa.C.S. §7101(a)(3) is a clear attempt by the legislature to enact rules of conduct in an area exclusively within the province of this court that section of the statute is unconstitutional." *Id.* at 520, 605 A.2d at 1196. Although we note that 18 Pa.C.S. §4117(b)(1) is a criminal statute, this is not a determining factor in analyzing the constitutionality of a statute. A statute is unconstitutional on its language, not whether it is civil or criminal in nature. The Commonwealth relies on this distinction, but it is a distinction without a difference. *Wajert, supra* did not involve a provision of the Crimes Code, yet nevertheless is applicable to the instant case. In *Wajert,* the Supreme Court struck down an ethics statute that prohibited a public official such as an attorney or former judge for a period of one year, from representing a person before the governmental body with which the official had been associated. The court in *Wajert,* similar to *Lloyd,* held that section 3(e) of the Ethics Act infringed upon the inherent and exclusive power of the Supreme Court. Although both *Wajert* and *Lloyd* were not concerned with criminal statutes, the standard to review a statute's constitution-

ality would not differ. We believe both *Lloyd* and *Wajert* are controlling in the instant case.

The defendants set forth at oral argument that the legislature through its enactment of 18 Pa.C.S. §4117(b)(1), created a crime from the regulatory conduct of Rule 7.2(c) of the Rules of Professional Conduct. Unfortunately, other than its proposal, there is no reported legislative history concerning section 4117. Clearly, the language of the two is very similar, but not exact. We believe the language of section 4117(b)(1) is based on Rule 7.2(c) of the Rules of Professional Conduct which are exclusively in the jurisdiction of the Supreme Court.

Article V, Section 10(c) of the Pennsylvania Constitution led the Supreme Court of Pennsylvania to create the Pennsylvania Rules of Disciplinary Enforcement. Pa.R.D.E. 103, which directly refers to Article V, Section 10(c), declares that the Supreme Court has the inherent and exclusive power to supervise the conduct of attorneys.

The Commonwealth, in citing *Sweeney v. Tucker,* 473 Pa. 493, 375 A.2d 698 (1977), notes the separation of powers doctrine does not entail complete independence of the judicial, legislative and executive branches of government. However in *Tucker,* the court went further and stated that no branch of government should exercise the functions *exclusively* committed to another branch. Each branch of government has its own field of expertise and dominion which is to be strictly followed. *Lloyd, supra* at 519, 605 A.2d at 1196. As the Commonwealth states in its brief, the legislature has the sole power to classify crimes, define criminal offenses and enact criminal laws. The Commonwealth's reliance on *Commonwealth v. Pickett,* 244 Pa. Super. 433, 368 A.2d 799 (1976) is misplaced since in *Pickett,*

the court upheld the legislature's power to remove the defense of voluntary, intoxication from a criminal charge. The court was concerned with whether a defendant would be entitled to a jury charge on intoxication as the law stood at the time of defendant's trial, not whether the legislature had the power to control the conduct of attorneys.

We too believe that the legal profession should and must be regulated. The Preamble to the Rules of Professional Conduct provides:

"The legal profession is largely self-governing. Although other professions also have been granted powers of self-government, the legal profession is unique in this respect, because of the close relationship between the profession and the processes of government and law enforcement. *This connection is manifested in the fact that ultimate authority over the legal profession is vested largely in the courts.*" (emphasis supplied)

Pursuant to Article V, Section 10(c) of the Pennsylvania Constitution; Pa.R.D.E. 103; the opinion in support of affirmance in *Lloyd* and the unanimous opinion in *Wajert,* we find that the sole authority to regulate the conduct of attorneys as it relates to the practice of law only, rests with the Supreme Court of Pennsylvania. This finding does not preclude the legislature from enacting statutes outside the scope of the practice of law and the conduct of attorneys. We hold that 18 Pa.C.S. §4117(b)(1) violates the separation of powers doctrine and thus, is unconstitutional. Accordingly, all charges against each of the defendants are dismissed.

## ORDER

And now, February 15, 1995, upon consideration of defendants' challenge to the constitutionality of 18

Pa.C.S. §4117(b)(1), it is hereby ordered, adjudged and decreed that:

(1) 18 Pa.C.S. §4117(b)(1) is unconstitutional;

(2) All charges against David J. Stern, Thomas Purl and Richard Bagenstos under Municipal Court numbers 94-07-1872, 94-07-1851 and 94-07-1850 respectively, are dismissed.